16 F.3d 411
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Thurman L. SPIRES, as Personal Representative of the Estate
of Donald Rayford Spires, Plaintiff-Appellant,
v.
CITY of Cayce; A.G. Dantzler, Assistant Director of the
Public Safety Department, in his individual and official
capacity; Lavern Jumper, individually and in his official
capacity as City of Cayce police chief; Ellie Huestess, in
his individual capacity as City Manager of the City of
Cayce; Bruce Cotner, in his individual and official
capacities as police officer of the City of Cayce; Carlisle
McNair, in his individual and official capacities as police
officer of the City of Cayce; Earl Kirkley, in his
individual and official capacities as police officer of the
City of Cayce; Harry Harman, in his individual and official
capacity as Coroner of Lexington County, Defendants-Appellees,
and
Larry Phillips, in his individual and official capacities as
police officer of the City of Cayce; Richard Green, in his
individual and official capacities as police officer of the
City of Cayce, Defendants.
 No. 931418.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 25, 1993.
Decided Jan. 31, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-91-2651-3-O)
 John Thomas McMillan, Columbia, South Carolina, for appellant.
 Susan Pedrick McWilliams, Nexson, Pruet, Jacobs & Pollard, Columbia, South Carolina, for appellees.
 William Gary White, III, Columbia, South Carolina, for appellant.
 D.S.C.
 AFFIRMED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On the day following his incarceration in 1981, Donald Spires was found hanging in his prison cell in the City of Cayce, South Carolina. Thurman Spires, Donald's father and the personal representative of Donald's estate, brought this action against the City of Cayce and city officials (hereinafter "Cayce"), alleging violations of federal and state laws, including 42 U.S.C. Sec. 1983. The parties agree that the only causes to be considered on this appeal are those arising under Secs. 1983, 1988, and state laws. The district court granted summary judgment for the City of Cayce, holding that Spires' action was barred by the statute of limitations. We affirm.
 
 
 2
 * On November 14, 1981, Donald Spires, now deceased, was arrested on several charges and incarcerated at the City of Cayce jail. On the evening of the following day, November 15, 1981, he was found hanging from the bars of his prison cell.
 
 
 3
 Thurman Spires (hereinafter "Spires"), Donald's father and the appellant in this case, and other members of Donald's family, viewed Donald's body at the hospital on the evening following his death. The family had questions regarding various marks on Donald's body and wondered why a T-shirt other than the one Donald had been wearing on the day of his arrest had been used to hang him. Dr. Sandra Conradi, who performed the autopsy on November 16, 1981, concluded that Donald's death had been a suicide. Dr. Conradi took a series of photographs of Donald's body at the autopsy. At the coroner's inquest held on March 22, 1982, the jury ruled that Donald's death had been a suicide. At the inquest, Spires testified to the marks he had seen on Donald's body and stated that after viewing the body, the family believed that Donald had not hung himself and that foul play had been involved.
 
 
 4
 Upon investigating Donald's death, the Federal Bureau of Investigation and the U.S. Department of Justice concluded that there had been no foul play or civil rights violations. At the request of Spires' wife, Dr. John Butts, Chief Medical Examiner for the State of North Carolina, also reviewed the evidence of Donald's death, including the autopsy photographs. He reported on June 20, 1984, that Donald had committed suicide.
 
 
 5
 On September 6, 1991, Spires, as personal representive of the estate of Donald Spires, filed suit against Cayce in the United States District Court for the District of South Carolina alleging violations of federal and state laws, including 42 U.S.C. Sec. 1983. The theory of Spires' case is that Cayce officials battered Donald and then, fearing discovery, they choked Donald and faked his suicide.
 
 
 6
 On March 5, 1993, the district court granted the appellees' motion for summary judgment. The court concluded that Spires' claims were barred by the statute of limitations and therefore did not reach Cayce's substantive arguments. We review de novo, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988), and agree with the district court's judgment that Spires' action was barred by the statute of limitations.
 
 II
 
 7
 In actions arising under sections 1983 and 1988, the federal court borrows the applicable state statute of limitations. McCausland v. Mason County Bd. of Educ., 649 F.2d 278, 279 (4th Cir.1981), cert. denied, 454 U.S. 1098 (1981). Here, the applicable statute of limitations is six years, as specified in S.C.Code Ann.Sec. 15-3-530(5) (1976 & Supp.1992), relating to actions for injury to the person or rights of another not arising on contract or enumerated by law. Actions covered by Sec. 15-3-530(5) must be commenced "within six years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C.Code Ann. Sec. 15-3-535 (Supp.1992). We agree with the district court's conclusion that Spires' cause of action accrued on November 15, 1981, since his own testimony establishes that he believed, on that night, that his son had not committed suicide, but that foul play had been involved. Thus, the statute of limitations ran on November 15, 1987. Spires' complaint was not filed until almost four years later--on September 6, 1991. The case is therefore time-barred.
 
 
 8
 We also agree with the district court's ruling that the statute of limitations was not tolled under the doctrine of fraudulent concealment.*
 
 
 9
 The judgment of the district court is affirmed.
 
 
 10
 AfFFIRMED.
 
 
 
 *
 Likewise, we find no merit to Spires' arguments under the doctrine of equitable estoppel and the discovery rule